SEMNAR & HARTMAN, LLP
Babak Semnar, Esq. (#224890)
bob@semnarlawfirm.com
Jared M. Hartman, Esq. (#254860)
jaredhartman@jmhattorney.com
400 S. Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiffs, JENNIFER & DAMIEN GALLARDO

## U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION

| | |
|---|---|
| JENNIFER GALALRDO, an individual, & DAMIEN GALALRDO, an individual<br><br>Plaintiffs,<br><br>v.<br><br>PINNACLE RECOVERY, INC.; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br>**1. FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br>**2. CALIFORNIA ROSENTHAL ACT** |

Plaintiffs, JENNIFER & DAMIEN GALLARDO, both individuals, by and through their attorneys of record, hereby complain and allege as follows:

## INTRODUCTION

1. Plaintiffs, by and through their attorneys of record, bring this action to secure redress from unlawful debt collection practices engaged in by Defendant PINNACLE RECOVERY, INC. (hereinafter "Defendant PINNACLE") in violation of

1
**COMPLAINT**

the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA"), and the State of California Rosenthal Act, Calif. Civ. Code §§ 1788-1788.32 (hereinafter "Rosenthal Act").

1. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

2. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are

available for the effective collection of debts.

Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

4. This action arises out of Defendant PINNACLE's violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as it pertains to the State of California Causes of Action.

5. Because Defendant PINNACLE conducts business within the State of California and maintains an office and an agent for service of process at 2774 Gateway Road in the City of Carlsbad, State of California, personal jurisdiction is established.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in the County of Riverside, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

**PARTIES & DEFINITIONS**

7. Plaintiffs, as natural persons alleged to owed money to Defendant arising out of maintenance fees for a vacation rental unit, which was alleged to have been due and owing, re therefore both "consumers" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and are also therefore "debtors" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

8. Plaintiffs are therefore informed and believe that the money alleged to have been owed to Defendant originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

9. Upon information and belief, Defendant was attempting to collect on a debt that originated from outstanding payments owed for maintenance fees for a vacation rental that were contracted to be billed on a credit basis for payment in arrears, and was therefore primarily for personal, family, or household purposes, and as such was a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act.

10. Because Plaintiffs, natural persons allegedly obligated to pay money to Defendant arising from what Plaintiffs are informed and believe was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

11. Plaintiffs are informed and believe that Defendant PINNACLE utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, and they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and they thereby engage in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

12. At some point in time prior to being contacted by Defendant, Plaintiffs entered into a contractual agreement with a company called Bluegreen Corporation for Plaintiffs to make annual payments to utilize the services of a timeshare rental for vacation purposes.

13. The agreement also called for Plaintiffs to be billed on a credit basis for maintenance fees, whereby Plaintiffs would be entitled to continue utilizing the vacation rental and simply be billed in arrears for maintenance fees.

14. At some point thereafter, Plaintiffs fell behind in making their maintenance fee payments.

15. At some point thereafter, Defendant PINNACLE was either assigned or sold the outstanding debt, or was contracted with by Bluegreen Corporation to collect

1 upon the outstanding debt.

2     16.    By letter dated July 8, 2014, Defendant delivered to Plaintiffs—addressed to both Plaintiffs—a letter signed by a person identified as Joseph Morando.

4     17.    The July 8, 2014 letter states, "According to the legal and binding contract you signed, you are obligated to repay our client, Bluegreen Corporation, for the above debt".

7     18.    A review of the State of California State Bar Association register of attorneys shows that there is no "Joseph Morando" licensed to practice law within the State of California.

10     19.    The sentence identified above constitutes legal advice in that it threatens to Plaintiffs that they are, in fact, legally obligated upon the alleged contract and there could be no possible defense thereto; whereas, in reality, only a Judge or jury would be the arbiters of such a legal conclusion.

14     20.    California Business & Professions Code § 6125 prohibits the practice of law within the State of California by an individual that is not licensed to so practice law within the State of California.

17     21.    Pursuant to Calif. Bus. & Prof. Code § 6126, a violation of Bus. & Prof. Code § 6125, is a misdemeanor crime.

19     22.    At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692d:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692f:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

24. At all times during the aforementioned actions, there was in full force and effect the following obligation upon debt collectors by the Federal FDCPA, pursuant to 15 U.S.C. § 1692e(3):

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

25. At all times during the aforementioned actions, there was in full force and effect the following obligation for a debt collector in connection with the collection of any debt, pertaining to pursuant to California Civil Code § 1788.17 of the Rosenthal Act, requiring all debt collectors to be responsible for and liable for all requirements contained with the Federal FDCPA, exceptions of which are not applicable:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j,

1  inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF FDCPA)
### 15 U.S.C. §§ 1692-1692p

26. Plaintiffs repeat, re-allege, and incorporate by reference the above paragraphs, as though set forth fully herein.

27. Defendant's conduct as described above constitutes conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt", and is therefore a violation of 15 U.S.C. § 1692d of the FDCPA.

28. Defendant's conduct as described above constitutes "unfair or unconscionable means to collect or attempt to collect any debt", and is therefore a violation of 15 U.S.C. § 1692f of the FDCPA.

29. Defendant's conduct as described above constitutes "false, deceptive, or misleading representation or means in connection with the collection of any debt", and is therefore a violation of 15 U.S.C. § 1692e of the FDCPA.

30. Defendant's conduct as described above constitutes "false representation or implication that any individual is an attorney or that any communication is from an attorney", and is therefore a violation of 15 U.S.C. § 1692e(3) of the FDCPA.

31. Defendant's violations of the FDCPA entitle Plaintiffs to statutory

damages of up to $1,000.00 each, as well as attorneys' fees and costs of litigation.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

32. Plaintiffs re-allege and incorporate by reference the above paragraphs, as though set forth fully herein.

33. By violating 15 U.S.C. §§ 1692d, 1692f, 1692e , & 1692e(3) of the FDCPA, Defendants have also therefore necessarily violated the Rosenthal Act, as those FDCPA violations have been incorporated into the Rosenthal Act by way of Calif. Civil Code § 1788.17.

34. Defendant's violations of the RFDCPA entitle Plaintiffs to statutory damages of up to $1,000.00 each, as well as attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant and Plaintiffs individually be awarded damages as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA;

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA;

9
COMPLAINT

- An award of actual damages pursuant to California Civil Code § 1788.30(a) of the Rosenthal Act, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code § 1788.32;
- An additional award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) of the Rosenthal Act, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;
- An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA, as incorporated into the Rosenthal Act by way of Calif. Civ. Code §1788.17, which are cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32;
- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c) of the Rosenthal Act.

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 5, 2014

Respectfully submitted,

SEMNAR & HARTMAN, LLP

By: /s/ Jared M Hartman
Jared M. Hartman, Esq.
Attorney for Plaintiff